## SULLIVAN.

---

WAIT v. HOLT, *Adm'r.*

An estate in the hands of an executor is not liable, in an action at law, for the services of an attorney employed by the executor in the defence of suits brought against the executor in his official capacity.

Assumpsit, for services of an attorney, against the defendant as administrator *de bonis non.* The defendant was appointed administrator after the death of the executor, who had employed the plaintiff to defend suits brought against the executor in his official capacity; and the plaintiff's services were rendered in defending those suits in the lifetime of the executor. There was a verdict for the plaintiff: and the jury found specially that the defendant, since his appointment, had promised to pay the plaintiff. The questions raised by a motion for a nonsuit were reserved.

*Holt,* for the defendant, cited *Livermore v. Rand,* 26 N. H. 85; *Lovell* v. *Field,* 5 Vt. 218, 221; *Taylor* v. *Mygatt,* 26 Conn. 184; *Ferrin* v. *Myrick,* 41 N. Y. 315; *Austin* v. *Munro,* 47 N. Y. 360; *Sibbit* v. *Lloyd,* 6 Halst. 166; *Grier* v. *Huston,* 8 S. & R. 402; *Hailey* v. *Wheeler,* 4 Jones (N. C.) 159; *Beaty* v. *Gingles,* 8 Jones (N. C.) 302; *M'Beth* v. *Smith,* 3 Brev. 511; *Forster* v. *Fuller,* 6 Mass. 58.

*Parker,* for the plaintiff.

Doe, C. J. It is settled that this action at law against the estate cannot be maintained. The executor was personally liable. Whether the plaintiff would have any remedy in equity if his services were beneficial to the estate, and the executor were insolvent and refused to pay him, we need not inquire. By the general rule, to which this case is not an exception, the persons interested in the estate, and having a right to be heard in the settlement of the executor's account in the probate court, may avail themselves of that opportunity to oppose the payment of the plaintiff's claim out of the estate, and the

estate is not exposed to a liability of being consumed by executions issued in suits of which they were not entitled to notice, brought upon executor's contracts in the making of which they were not entitled to be consulted. The suits may have been caused by the fault of the executor. On various grounds, the propriety of the estate being charged with the expense of defending the suits, including the plaintiff's fees, may be contested. It is a probate question. It may include questions of the executor's performance of his fiduciary duty, which he could not raise in a suit brought against him on his personal liability by this plaintiff, but which the beneficiaries can raise in the probate court. It may include questions which would be raised by them in the settlement of his account, and which would not be raised by him in this suit. The estate was no more bound by the administrator's promise than by the executor's employment of the plaintiff, and a nonsuit should have been ordered.

*Verdict set aside.*

CLARK, J., did not sit.